**Electronically Filed
Intermediate Court of Appeals
29663
21-MAR-2012
09:18 AM**

NO. 29663

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ANN SHANNON BOWERS, as Trustee of the
ANN SHANNON BOWERS REVOCABLE TRUST OF 1995,
DATED DECEMBER 16, 1995, and JAMES AUSTIN BOWERS,
Plaintiffs-Appellants
v.
ASSOCIATION OF APARTMENT OWNERS OF KEAUHOU KONA
SURF & RACQUET CLUB, INC., Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 05-1-19K)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Foley and Fujise, JJ.)

Plaintiffs-Appellants Ann Shannon Bowers, as Trustee of
the Ann Shannon Bowers Revocable Trust of 1995, dated December
16, 1995, and James Austin Bowers (collectively, Plaintiffs)
appeal from the "Final Judgment" filed by the Circuit Court of
the Third Circuit (Circuit Court) on February 2, 2009. We
affirm.

I.

Defendant-Appellee Association of Apartment Owners of
Keauhou Kona Surf & Racket Club, Inc. (Association) is a Hawai'i
non-profit corporation comprised of the apartment owners of the
project known as Keauhou Kona Surf & Racket Club (Project).
Plaintiffs own Unit 180, which is located in Building 43 of the
Project. Buildings 42-45 of the Project are townhouse units that

are considered part of the "Impact Zone" due to their close proximity to the ocean and their recurrent susceptibility to damage caused by high surf.

The dispute in this case centers around a rock retaining wall located between the ocean and Buildings 42-45. Plaintiffs' complaint against the Association sought a judgment requiring the Association "to take all necessary action to fully repair, maintain and/or modify as necessary the rock retaining wall fronting Building 43[.]"

The Association moved for summary judgment on the ground that the Plaintiffs' claims were barred by a settlement agreement between the Association and the prior owners of Unit 180. As part of the settlement agreement, the prior owners agreed to "release[] Association from all claims, demands, and causes of action that [the prior owners] had, has, or may have as against the Association based on obligations imposed upon said Association by the [Declaration and By-Laws for the Project] to the extent that such obligations relate to maintenance, repair, and protection of [the prior owners'] apartment from water damage due to wave and/or tidal action." The settlement agreement also provided that the agreement "shall apply to and run with the [prior owners'] title to apartment number 180[.]"

The Circuit Court partially granted summary judgment in favor of the Association. The Circuit Court ruled that certain of the claims in Plaintiffs' complaint were barred because the settlement agreement had released the Association from protecting Unit 180 from water damage due to wave and/or tidal action. The Circuit Court, however, also ruled that the settlement agreement did not bar other claims raised by Plaintiffs and denied summary judgment with respect to those claims. Among other things, the Circuit Court concluded that the settlement agreement did not release the Association from maintaining or repairing common elements and "[t]herefore, if the rock retaining wall is a common element, the Association must maintain it."

2

A jury-waived bench trial was held on Plaintiffs' remaining claims. At the conclusion of the trial, the Circuit Court ruled that Plaintiffs had failed to meet their burden of proving every element of the claims they asserted in their complaint. Among other things, the Circuit Court ruled that Plaintiffs had failed to meet their burden of proving that the retaining wall was a common element that the Association had a duty to maintain or repair. The Circuit Court entered judgment in favor of the Association and against Plaintiffs on all claims and dismissed the complaint with prejudice.

## II.

On appeal, Plaintiffs assert twenty-two points of error, which challenge a multitude of findings, conclusions, and orders issued by the Circuit Court.[1] Plaintiffs' arguments in support of their points of error consist largely of a series of conclusory assertions that the Circuit Court was wrong accompanied by string cites to portions of the record. Plaintiffs' argument sections are not easily matched with their points of error, and Plaintiffs present their arguments in a scattershot and disjointed manner, which make the arguments difficult to follow.

---

[1] Plaintiffs challenge the following rulings and orders of the Circuit Court: (1) "Findings of Fact, Conclusions of Law and Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment" filed on June 8, 2007; (2) "Order Denying Plaintiff Ann Shannon Bowers' Motion to be Excused from Appearance at Trial" filed on September 9, 2008; (3) "Order Granting Defendant's Motion in Limine No. 3: For Sanctions and to Strike All Statements, Questions and Testimony in the Deposition of Plaintiff Ann Bowers Pertaining to Non-Admitted and Unlicensed Attorney Timothy K. Nixon" filed on September 9, 2008; (4) "Findings of Fact, Conclusions of Law, and Judgment in Favor of Defendant" filed on October 20, 2008; (5) "Order Awarding Defendant Association of Apartment Owners of Keauhou Kona Surf & Pacquet Club, Inc., Attorneys['] Fees and Costs in Accordance with Order Re: Timothy Nixon" filed on October 20, 2008; and (6) "Order Granting Motion for Attorneys' Fees and Costs" filed on January 12, 2009.

The Honorable Elizabeth A. Strance presided over the proceedings pertaining to the "Findings of Fact, Conclusions of Law and Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment." The Honorable Ronald Ibarra presided over the proceedings pertaining to the other rulings and orders challenged by Plaintiffs on appeal.

It appears that the crux of Plaintiffs' arguments on appeal regarding the key issue in the case is that the Circuit Court erred in determining that Plaintiffs had failed to meet their burden of proving that the retaining wall was a common element that the Association had a duty to maintain or repair. We conclude that the Circuit Court did not err in this determination.

"Verdicts based on conflicting evidence will not be set aside where there is substantial evidence to support the [finder of fact's] findings." Ray v. Kapiolani Medical Specialists, 125 Hawai'i 253, 262, 259 P.3d 569, 578 (2011) (brackets, internal quotation marks, and citations omitted). "Substantial evidence is 'credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion.'" Id. (brackets and citations omitted). "Moreover, an appellate court will not pass upon issues dependent upon credibility of witnesses and the weight of the evidence; this is the province of the trial judge." AMFAC, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 116-17, 839 P.2d 10, 28 (1992) (brackets, internal quotation marks, and citations omitted).

Plaintiffs have the burden of proving by a preponderance of the evidence every element of each claim that they assert. See Iddings v. Mee-Lee, 82 Hawai'i 1, 13, 919 P.2d 263, 275 (1996) ("In most civil proceedings, . . . the plaintiff must show by a 'preponderance of the evidence' that his or her claim is valid." (block quote format changed; citation omitted)). The Circuit Court made a number of findings of fact in support of its conclusion that Plaintiffs had failed to meet their burden of proving that the retaining wall was a common element that the Association had a duty to maintain or repair. These included findings that: (1) "[t]he wall was built by individual owners after the filing of the initial declaration and bylaws"; (2) "[t]he wall was never approved by the general membership of the

Association"; (3) "[t]he wall has never been recognized as a common element of the Association, and it is not identified on any condominium map or was ever submitted to [the Project's] horizontal property regime"; and (4) with respect to whether the wall is on the Association's property, "Plaintiffs failed to retain a licensed surveyor or any other expert to determine the certified shoreline or to formulate any opinions about the location of the shoreline . . . ." We conclude that these findings are based on substantial evidence and support the Circuit Court's conclusion that Plaintiffs had failed to meet their burden of proof on the crucial issue of whether the retaining wall was a common element that the Association had a duty to maintain or repair.

Plaintiffs argue that the Circuit Court abused its discretion in awarding attorneys' fees and costs to the Association in its "Order Granting Motion for Attorneys' Fees and Costs" filed on January 12, 2009. This case was extensively litigated over more than three and a half years and included a six-day trial. Plaintiffs quote from their opposition to the Association's motion for attorneys' fees and costs, in which they asserted that a reduction of 50% in the attorneys' fees requested to $92,290.00 was appropriate. However, Plaintiffs do not present specific arguments that persuade us that the Circuit Court abused its discretion in its award of attorneys' fees and costs to the Association. See Price v. AIG Hawaii Ins. Co., 107 Hawai'i 106, 110, 111 P.3d 1, 5 (2005). We therefore affirm the Circuit Court's January 12, 2009, "Order Granting Motion for Attorneys' Fees and Costs."

With respect to the other arguments Plaintiffs raise on appeal, we conclude that they are without merit and do not entitle Plaintiffs to relief.

III.

We affirm the Final Judgment filed by the Circuit Court.

DATED: Honolulu, Hawai'i, March 21, 2012.

On the briefs:

Kenneth A. Ross
(Law Offices of Kenneth A. Ross)
for Plaintiffs-Appellants

John D. Zalewski, Esq.
for Defendant-Appellee

Chief Judge

Associate Judge

Associate Judge

6